IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 11-00216-KD |
| | ) |
| ALLEN SIMMS COLE, | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Allen Simms Cole's motion to fix trial in the Northern Division with jury selected from a panel of Northern Division residents. (Doc. 110). A hearing on the motion was held on September 23, 2011 at which the Defendant, defense counsel Fred Tiemann, and Assistant United States Attorney Gloria Bedwell were present.

Relying on the Fifth and Sixth Amendments, the Jury Selection and Service Act, 28 U.S.C. § 1863, and Rule 18 of the Federal Rules of Criminal Procedure,[1] Cole has argued that trial should be fixed in the Northern Division because that is where he resides, where the offenses with which he is charged are alleged to have occurred, and where many of the witnesses likely to testify are from. Additionally, Cole asserts that 1) the counties comprising the Northern Division have significantly different social, economic, and housing profiles than the counties in the Southern Division; 2) the majority of residents in Northern Division are of African ancestry (as is he); and 3) he is entitled to an impartial jury selected from a fair cross-section of the community, which he defines as a jury selected from residents of the Northern Division.

To the extent that Cole seeks to invoke a Constitutional right to trial in the Northern

---

[1] Though Cole did not cite Rule 18, he incorporated by reference the arguments set forth in motion papers previously submitted by his co-defendant, Courtney Baker Echols. (Doc. 99). Ms. Echols' motion (which has since been withdrawn) relied heavily on Rule 18.

1

Division, his motion is not well-taken. The Eleventh Circuit has held that there is no constitutional right to trial within a particular division of a judicial district. United States v. Betancourt, 734 F.2d 750, 756 (11th Cir. 1984) ("The Sixth Amendment provides a defendant with the right to a trial "by an impartial jury of the State and district" where the crime was committed, but there is no constitutional right to trial within a division.").

However, upon consideration of the factors set forth by Rule 18, Cole's motion is due to be granted. Rule 18 provides that a district court "must set the place of trial within the district with due regard for the convenience of the defendant and witnesses, and the prompt administration of justice." The Court has discretion to fix the place of trial in any division within the district. United States v. Merrill, 513 F.3d 1293, 1304 (11th Cir. 2008). In the exercise of that discretion, the Court must "give due regard (1) to the convenience of the defendant, (2) to the convenience of witnesses and (3) to the prompt administration of justice." United States v. Burns, 662 F.2d 1378, 1382 (11th Cir. 1981).

Clearly, the first two factors weigh in Cole's favor. Cole is presently on pretrial release and is residing at his home in Greensboro, Alabama. Greensboro is approximately 50 miles from Selma but 160 miles from Mobile. Additionally, most or all of the witnesses likely to testify at trial reside in either Hale County or Marengo County, both of which are in the Northern Division and are substantially closer to Selma than they are to Mobile.

The question of how fixing a criminal trial in Selma may affect the prompt administration is more complicated. The Selma courthouse is not permanently staffed. It would require some effort, coordination, and expense to transport court legal, clerical, and security personnel from Mobile to Selma for jury selection and trial.

Three years ago, the U.S. Marshal for this District took the position that inadequate jail

facilities and numerous health and safety hazards at the Selma courthouse made it "impossible" to conduct proceedings in the Northern Division. See United States v. Williams, No. 08-00092-KD, 2008 WL 2225763, at *1 (S.D. Ala. May 28, 2008) (DuBose, J.). However, at a hearing on Cole's motion, according to Deputy U.S. Marshal Dwayne Guida, significant improvements and repairs have since been made to the Selma courthouse. Additionally, Chief Court Security Officer Mike Hulak testified that a criminal trial expected to be as short as Cole's (two days) could be conducted in the Northern Division by temporarily reassigning to Selma three court security officers from their posts in Mobile. Chief Judge Steele has commented that the Court is "favorably disposed to the prospect of conducting trials of Northern Division criminal actions in Selma, provided that safety, speedy trial, and other logistical and administrative considerations do not militate otherwise," United States v. Mason, No. 08-0055-WS, 2009 WL 1077711, at *2 (S.D. Ala. Apr. 21, 2009), and Cole's case provides such an opportunity.[2]

Accordingly, Cole's motion to fix trial in the Northern Division is **GRANTED**. Jury selection is currently scheduled for October 3, 2011 at the United States Courthouse in Mobile, Alabama, but, on the record, Cole indicated his desire to waive his Constitutional and statutory rights to a speedy trial to provide the Court with adequate time to prepare for jury selection in Selma. The Court accepts that waiver and finds that, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial. This

---

2  This case is distinguishable from Merrill, in which the Eleventh Circuit upheld a district court's decision to fix a trial in Pensacola, Florida though the offense conduct was alleged to have occurred more than 100 miles away in Panama City, Florida. The court of appeals deferred to the district court's finding that, fixing a trial beyond Pensacola would require shutting down the entire Pensacola Division docket for three weeks and prevent the district judge from handling grand jury and other emergency matters. Merrill, 513 F.3d at 1304-05. Accompanied as it may be by certain logistical inconveniences, a two-day trial in Selma will not hamstring the administration of justice in Mobile.

action is therefore **CONTINUED** to the November 2011 criminal trial term with jury selection to be held at the United States Courthouse, 908 Alabama Avenue, Selma, Alabama on **November 14, 2011** at **9:00 a.m.** with trial to begin immediately following jury selection or as soon thereafter as practicable. Pursuant to Section 9.01 of this District's Plan for the Qualification and Random Selection of Grand and Petit Jurors, names of petit jurors to attend court in Selma, Alabama shall be drawn from the Northern Division wheel.

**DONE** and **ORDERED** this the 23rd day of September 2011.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE